NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN T. WALTNER; SARAH V. WALTNER, | No. 16-71797 |
| Petitioners-Appellants, | Tax Ct. No. 012722-13L |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Steven T. Waltner and Sarah V. Waltner appeal pro se from the Tax Court's

order following a bench trial sustaining a notice of intent to levy to collect

penalties under 26 U.S.C. § 6702, and imposing a penalty under 26 U.S.C. § 6673.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).  The Waltners' request for oral argument, set forth in their opening brief, is denied.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions, *Ann Jackson Family Found. v. Comm'r*, 15 F.3d 917, 920 (9th Cir. 1994). We affirm.

The Tax Court properly concluded that the Waltners' § 6702 penalties were not at issue because the Waltners had the opportunity to dispute those tax liabilities in a separate proceeding. *See* 26 U.S.C. § 6330(c)(2)(B) (a person may raise challenges to underlying tax liability in the hearing regarding a proposed levy "if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability").

The Tax Court did not abuse its discretion by denying the Waltners' motions to consolidate this action with another proceeding concerning their underlying tax liabilities. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court[.]").

The Tax Court properly declined to address the Waltners' arguments concerning the Commissioner's attempted levy on Mr. Waltner's Washington Mutual bank account because the Waltners did not show that they sustained any damages as a result of the attempted levy. *See* 26 U.S.C. § 7433(b)(1) (a wronged party may recover for "actual, direct economic damages sustained by the plaintiff

as a proximate result of the reckless or intentional or negligent actions of the officer or employee").

The Tax Court properly concluded that the Commissioner did not commit any error by applying a portion of the Waltners' refund for tax year 2009 to their tax liabilities. *See* 26 U.S.C. § 6402(a) ("In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax . . . .").

The Tax Court did not abuse its discretion by imposing a $15,000 penalty on the Waltners for taking frivolous positions after warning them that such conduct could lead to sanctions. *See* 26 U.S.C. § 6673(a)(1) (authorizing penalty not to exceed $25,000 for bringing or maintaining an action that is frivolous or groundless); *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (setting forth standard of review and explaining that "[w]hen taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673").

The Waltners' requests for judicial notice, set forth in their opening and

16-71797

reply briefs, are denied.

**AFFIRMED.**